CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 1 3 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BERNARD RAY RICHARDSON,
    Petitioner,

Civil Action No. 7:06-cv-00371

v.

MEMORANDUM OPINION

WARDEN OF AUGUSTA
CORRECTIONAL CENTER,
    Respondent.

By: Hon. James C. Turk
Senior United States District Judge

Petitioner Bernard Ray Richardson, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Richardson challenges the validity of his confinement under the May 2004 judgment of the Circuit Court for the City of Charlottesville, convicting him of burglary, possession of burglary tools, and petit larceny; on these convictions, the court sentenced Richardson to serve a total sentence of five years and twelve months. The respondent has filed a motion to dismiss to which petitioner has responded, making the matter ripe for the court's consideration. Upon review of the record, the court concludes that the motion to dismiss must be granted, and that the petition must be dismissed without prejudice because Richardson's direct appeal is still pending.

After his convictions, Richardson filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, challenging the Charlottesville convictions and some similar convictions from the Circuit Court for Albemarle County. The Supreme Court dismissed the petition without prejudice on November 16, 2004, because it challenged the judgments of two separate courts. Thereafter, Richardson filed a second habeas petition in the Supreme Court of Virginia, attacking only the Charlottesville convictions. In that case, the Supreme Court ordered that Richardson be granted a delayed appeal and dismissed the other habeas claims he had raised. Then, Richardson filed a third habeas petition, making other allegations of trial error and ineffective assistance. The Supreme Court of Virginia denied that petition by order dated December 30, 2005, and denied a petition for rehearing on March 9, 2006. Richardson's delayed appeal was filed in the Virginia Court of Appeals in May 2006 and is still pending. (Record No. 1766-05-2).

1

Although Richardson filed his current petition on a § 2254 form, he argues his case more as a direct appeal from the Supreme Court of Virginia's denial of habeas relief. He asserts that the Supreme Court of Virginia dismissed his claims in error, and he moves this court to "reinstate" and review all such claims. This court, however, has no jurisdiction to review the judgment of a state courts on appeal. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). See also District of Columbia Ct. Ap0p. V. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. Plyler, 129 F.3d at 731; 28 U.S.C. §1257. Accordingly, to the extent that Richardson seeks a direct appeal in this court of the Supreme Court of Virginia's rulings in his habeas cases, this court has no jurisdiction to address his appeal claims.

This court does have jurisdiction to review final judgments of state courts in federal habeas corpus proceedings, pursuant to § 2254. Plyler, 129 F.3d at 732. Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition without prejudice. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code Ann. § 8.01-654. A non-death row felon in Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. One, he can file a direct appeal to the Virginia Court of Appeals, see Va. Code Ann. § 17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. AS to some types of claims such as ineffective assistance of counsel, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A); §

2

17.1-406(B), or by filing a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In his petition, Richardson makes no clear statement of the habeas claims of court error or ineffective assistance that he wishes to raise in this court. Instead, as stated, he complains about the errors the Supreme Court of Virginia allegedly made during state habeas proceedings. State court errors during habeas proceedings do not provide grounds for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492 (4th Cir. 1988). He also complains that he was denied his right to appeal, when his attorney failed to file a notice of appeal after being asked to do so. Because Richardson has been granted a delayed appeal, however, this claim is moot and must be dismissed.

In an abundance of caution, the court concludes that the entire petition must be dismissed without prejudice as a mixed petition. In habeas cases bringing a mixture of exhausted and unexhausted claims, the reviewing court must dismiss the entire petition without prejudice. Rose v. Lundy, 455 U.S. 509 (1982). This principle protects the petitioner from limitations on successive petitions by allowing petitioner to attempt exhaustion of state court remedies of the unexhausted claims so that he may later seek federal review of all claims in a single petition, once all claims are exhausted. Id.; 28 U.S.C. §2244(b).

Richardson clearly intends for the court to review claims that he has raised in state habeas proceedings, and such claims are exhausted under § 2254 (b). As to one or more of these claims, however, Richardson currently has an appeal pending in the Virginia Court of Appeals. Until the completion of that appeal and any subsequent appeal he may take to the Supreme Court of Virginia, he has state court remedies yet available. His petition thus attempts to bring a mixture of exhausted and unexhausted claims. To prevent him from losing the opportunity to complete the exhaustion process in the state courts as to all of his federal habeas claims regarding these convictions, the court must dismiss his current petition without prejudice. As long as the state appeals process, in the

Virginia Court of Appeals or the Supreme Court of Virginia, is still underway, Richardson's conviction has not become final for purposes of the statute of limitations in 28 U.S.C. § 2244(d). Thus, if he is dissatisfied with the outcome of these state appeals, he will still have time to pursue federal habeas relief under § 2254. An appropriate order shall be issued this day, dismissing Richardson's petition without prejudice as a mixed petition.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 13th day of December, 2006.

*James C. Turk*
Senior United States District Judge